UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 22-cr-301 (CJN) |
| | : | |
| **DOVA WINEGEART,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant DOVA WINEGEART's Motion to Continue, ECF No. 68.

This Court convicted WINEGEART at trial on Count One of the indictment for a misdemeanor violation of 18 U.S.C. § 1361. Minute Entry, July 16, 2024. Sentencing was set for October 18, 2024. Due to scheduling conflicts with defense counsel's workload, *see* ECF 63, WINEGEART filed a consent motion On October 9, 2024, wherein all parties "agreed that a new sentencing date during the weeks of either November 18 or December 2, 2024, would be agreeable." The Court granted that motion on October 11, 2024, setting the sentencing hearing for December 2, 2024. Minute Order, October 11, 2024.

On Monday, November 11, 2024, the Veteran's Day holiday, WINEGEART filed the instant motion, requesting that the court vacate all dates and hearings in this case until the week of February 2, 2025. ECF No. 68. No material change to the facts or law at issue in this case has occurred since the Court convicted WINEGEART or reset the anticipated sentencing hearing on October 11, 2024, and the Government remains prepared to proceed with sentencing as scheduled on December 2, 2024. The Court should therefore deny WINEGEART's motion.

There is a public interest in the prompt and efficient administration of justice. The Government and the Court have endeavored to deliver that interest. The Government disagrees that a continuance is warranted here, and the Court should proceed as it would in any other prosecution post-conviction and proceed promptly to sentencing. *See, e.g.*, *United States v. Jaimee Avery*, 24-cr-00079 (CRC), November 6, 2024 Minute Order (denying continuance of sentencing hearing based on claim of potential clemency); *U.S. v. Nicholas Fuller*, No. 23-cr-209 (CKK), Nov. 6, 2024 Minute Entry (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, No. 23-cr-139 (BAH), Nov. 6, 2024 Minute Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, 23-cr-341 (RBW), November 7, 2024 Minute Order (denying motion to continue sentencing hearing based on claim of potential clemency).

WINEGEART's citation to Special Counsel Jack Smith's motion to vacate a briefing schedule in the matter of *United States v. Trump*, No. 23-cr-257 (TSC), is inapplicable here. That motion refers to the "unprecedented circumstance" of a criminal defendant being "expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025." *See id.*, ECF No. 278. The need to "determine the appropriate course going forward consistent with Department of Justice policy," *id.*, is not similarly implicated in this case, where the defendant is a private citizen.

Finally, WINEGEART's motion cites as a basis to continue "the resources that might be needlessly expended include personal financial costs incurred in traveling from Oklahoma to Washington D.C., the costs of housing in connection with the sentencing hearing," ECF 68 at 3, but that is real no basis as WINEGEART has previously directly expressed an intent (albeit not yet acted on) to "fil[e] a separate request and waiver to allow her to appear at sentencing via video

2

conference." ECF 63. The Government takes no position on that prospective motion in this opposition but notes the incongruity of WINEGEART's position in the present motion compared with the intention she has previously expressed.

For the foregoing reasons, the Court should deny the WINEGEART's motion to continue and proceed with the sentencing, as scheduled, for December 2, 2024.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:   */s/ Patrick Holvey*
       PATRICK HOLVEY
       DC Bar No. 1047142
       Assistant United States Attorney

       ASHLEY AKERS
       MO Bar No. 69601
       Trial Attorney

       United States Attorney's Office
       601 D Street, N.W.
       Washington, DC 20530

       Phone: (202) 353-0521
       Email: Ashley.Akers@usdoj.gov
       Phone: (202) 252-7224
       Email: Patrick.Holvey@usdoj.gov